ONTARIO FOREST INDUSTRIES AS-
SOC. and Ontario Lumber Manu-
facturers Assoc., Plaintiffs,

v.

The UNITED STATES of America, and
Susan C. Schwab, Defendants,

and

Coalition for Fair Lumber Imports
Executive Committee, Defendant–
Intervenors.

Slip Op. 06–158.
Ct. No. 06–00156.

United States Court of
International Trade.

Oct. 24, 2006.

Baker & Hostetler, LLP (Elliot Jay
Feldman, Bryan Jay Brown, John Burke,
and Michael Steven Snarr), Washington,
DC, for Plaintiffs.

Peter D. Keisler, Assistant Attorney
General; David M. Cohen, Director,
Jeanne E. Davidson, Deputy Director,
Commercial Litigation Branch, Civil Divi-
sion, U.S. Department of Justice (Stephen
Carl Tosini, Trial Attorney), for Defendant
United States.

Dewey Ballantine LLP (Harry L. Clark,
Kevin M. Dempsey, John W. Bohn), Wash-
ington, DC, for Defendant–Intervenor.

## ORDER

POGUE, Judge.

Before the court is Plaintiffs' motion for
reconsideration pursuant to Section 301 of
the Customs Courts Act of 1980, 28 U.S.C.

§ 2646, and USCIT R. 59. By their motion, Plaintiffs ask the court to reconsider the court's opinion and vacate its final judgment in *Ontario Forest Industries Assoc. v. United States,* 30 CIT ——, 444 F.Supp.2d 1309 (2006)(hereinafter *"Ontario Forest"*). For the reasons stated below, Plaintiffs' motion is denied.

 A motion for reconsideration is generally granted only to rectify a significant flaw in the original proceeding, such as the emergence of new, previously undiscoverable, evidence. *See, e.g., Am. Nat'l Fire Ins. Co. v. United States,* 2006 WL 2566901, *1, 30 CIT ——, —— (CIT Sept. 7, 2006). "A motion for reconsideration will not be granted merely to give a losing party another chance to re-litigate the case or present arguments it previously raised." *Id.,* citing *United States v. Gold Mountain Coffee, Ltd.,* 8 CIT 336, 337, 601 F.Supp. 212, 214 (1984). In addition, the grant of a motion for reconsideration lies within the discretion of the court.

In *Ontario Forest,* this court denied Plaintiffs' petition for a writ of mandamus, choosing, *inter alia,* to abstain from intervening in a dispute between the United States and Canada under the NAFTA binational review system. In doing so, the court noted that the governments of the United States and Canada "appear to be attempting to negotiate in good-faith a resolution to this matter." *Ontario Forest* 30 CIT at ——, 444 F.Supp.2d at 1329.

Plaintiffs seek reconsideration alleging, without a basis in fact, that the settlement negotiations between the governments of the United States and Canada "have now ended," Pls.' Mem. Supp. Mot. Recons. 4, and asserting that, as a result, the factual basis for the court's abstention from assertion of jurisdiction no longer exists, *id.* at 4, 9–10.

As Plaintiffs' motion is not founded on any factual showing that could indicate an error or change of circumstance relating to the court's original opinion, Plaintiffs' motion is therefore simply an attempt to obtain another chance to re-litigate their case. As such, it must be and is hereby DENIED.

It is SO ORDERED.